■ In the Matter of MASSARO DETROIT DIESEL ALLISON, INC., Petitioner, v LESLIE G. FOSCHIO, as Commissioner of the Department of Motor Vehicles, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Commissioner of Motor Vehicles which suspended petitioner's motor vehicle repair shop registration for 15 days and imposed a civil penalty of $200. Petitioner was charged with violating 15 NYCRR 82.5 (b) which requires that a repair shop not perform any services not authorized by the customer by a work order and 15 NYCRR 82.5 (i) which requires that a repair shop not grossly overcharge. These charges resulted from petitioner's repair of a transmission of an oil truck owned by the Blue Flame Gas Company, Inc. (Blue Flame). At a hearing, Blue Flame's president testified that he brought the truck to petitioner for repairs to the speedometer; that the following day he was informed that repair of the transmission was necessary but the repairs were not major; that for several weeks he repeatedly telephoned petitioner but he was never informed as to the extent of the transmission repairs being done to the truck; that he subsequently received a bill for the repairs of $3,898.88; and that he finally paid petitioner $2,874.02 in full satisfaction of the bill. An automotive facility

inspector who investigated the charges against petitioner testified that according to a factory manual the transmission repairs should have taken between 28.2 to 28.6 hours and petitioner charged for 55.4 hours. He also testified that he checked with repair shops and found that the repairs to the same type vehicle would have cost between $800 and $1,200 including replacement parts. Following the hearing, it was determined that petitioner had willfully violated 15 NYCRR 82.5 (b) and 15 NYCRR 82.5 (i) in that it had willfully failed to notify Blue Flame's president of the progress of the repairs and to obtain authorization for many replacement parts, and that it had grossly overcharged for the repairs. The Administrative Law Judge suspended petitioner's repair shop registration for 30 days. While the Repair Shop Review Board affirmed the Administrative Law Judge's findings, it modified the penalty to a 15-day registration suspension and a $200 civil penalty. The board's decision was approved by the commissioner and this proceeding was then commenced to review the determination. Our review is limited to considering whether the determination is supported by substantial evidence upon the whole record (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181). Upon examination of the entire record, we conclude that, contrary to petitioner's assertions, there is substantial evidence to support the determination and, therefore, it should be confirmed. It is also urged by petitioner that its repair shop license could not be suspended as there was no evidence in the record to support a finding that it willfully violated the commissioner's regulations. We disagree. The commissioner may suspend a repair shop registration if a registrant has willfully violated any of the rules and regulations of the commissioner. There is a rational basis to support the determination that petitioner's violations of the regulations in question were willful and, accordingly, the penalty imposed of the suspension of petitioner's registration will not be disturbed (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Yesawich, Jr., JJ., concur.